IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| JAMES A. SCHOAF, | : | Bankruptcy No. 13-22420-CMB |
| *Debtor* | : | Chapter 7 |
| | : | |
| JAMES A. SCHOAF, | : | |
| *Movant,* | : | |
| | : | |
| v. | : | Related to Doc. No. 21 |
| | : | |
| FIRST NATIONAL BANK OF | : | |
| PENNSYLVANIA and PNC | : | |
| BANK, N.A, | : | |
| *Respondents.* | : | |

**MEMORANDUM OPINION**

The matter before the Court is Debtor's *Motion to Avoid Judicial Liens* ("Motion"). Pursuant to 11 U.S.C. §522(f), the Motion seeks to avoid the judicial liens of First National Bank of Pennsylvania ("FNB") and PNC Bank, N.A. ("PNC") on the basis that said liens impair an exemption to which Debtor is entitled.[1] In response, FNB filed its *Answer of First National Bank of Pennsylvania to Debtor's Motion to Avoid Judicial Liens*. PNC did not file a response. Debtor and FNB filed a *Stipulation Regarding Issues to Brief on Motion to Avoid Judicial Liens* ("Stipulated Issues"), and accordingly both parties filed briefs for the Court's consideration. The parties sought to have the matter decided on their briefs without further need for a hearing. Upon consideration of the Motion, the response of FNB, Stipulated Issues, the briefs, and for the

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(K), and the Court will enter final judgment. However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2594 (2011), that this Court does not have the authority to enter final judgment, then the Memorandum Opinion and Order entered shall constitute the Court's proposed findings of fact and conclusions of law and recommendation to the District Court.

1

reasons expressed herein, this Court finds that the judicial liens of FNB and PNC impair the Debtor's exemptions and are avoided pursuant to §522(f).

## BACKGROUND AND PROCEDURAL HISTORY

On June 6, 2013, Debtor commenced the above-captioned bankruptcy case by filing a petition for relief under Chapter 7 of the Bankruptcy Code. Debtor's completed Bankruptcy Schedules were filed on June 28, 2013. Debtor's Schedule A identifies two pieces of property in which Debtor's interest is identified as tenant by the entireties: (1) a residence located at 416 Rehoboth Church Road, Belle Vernon, PA ("Residence") and (2) commercial property located at 690 Webster Road, Belle Vernon, PA ("Commercial Property", together with the Residence, the "Properties"). The selection on Debtor's Schedule C provides that Debtor's claimed exemptions are made pursuant to 11 U.S.C. §522(b)(3). With respect to the Residence, Debtor's Schedules A and C identify the total value of the property as $155,000, Debtor's one-half interest in the property as $77,500, and the value of the exemption claimed as $77,500. With respect to the Commercial Property, Debtor's Schedules A and C identify the total value of the property as $56,000, Debtor's one-half interest in the property as $28,000, and the value of the exemption claimed by Debtor as $28,000. The Schedules also reveal that the Commercial Property is subject to a mortgage in the amount of $19,517. In addition, Debtor's Schedules identify the following two judgments obtained against the Debtor: (1) judgment in favor of FNB against Debtor in the amount of $149,247.94 and (2) judgment in favor of PNC against Debtor in the amount of $62,270.95. No objections have been filed to the values or exemptions as scheduled.

On September 16, 2013, Debtor filed the instant Motion asserting that the inchoate judicial liens of FNB and PNC impair Debtor's exemptions in the Properties and accordingly said liens should be avoided. FNB filed a response opposing the Motion, and a hearing was held

on October 15, 2013. PNC neither responded nor appeared at the hearing. At the hearing, the parties advised the Court that they would stipulate to the two issues to be addressed and would file briefs on those issues. As the parties sought to have this matter determined on the briefs without the need for further argument or presentation of evidence, no further hearing was scheduled on the Motion. As the Stipulated Issues and briefs have been filed, the matter is ripe for decision.

## DISCUSSION

On October 31, 2013, the parties filed the Stipulated Issues, which provide the following issues upon which they focused their briefs:

1. As Debtor has elected the state exemptions under 11 U.S.C. §522(b)(3) and has stated an exemption amount of $97,741.50,[2] may the Court avoid the pre-petition judgment amount of $149,247.94 in favor of FNB that is entered only against Debtor, and not against both Debtor and his spouse?

2. As Debtor has elected the state exemptions under 11 U.S.C. §522(b)(3) and has stated an exemption amount of $95,741.50, does the Court have authority under 11 U.S.C. §522(f)(2)(A) to reduce the amount of FNB's judgment to afford Debtor the rights and privileges of his exemption amount totaling $95,741.50, but leave $53,506.44 of FNB's judgment unaffected by Debtor's discharge?

*See* Doc. No. 30. The Court now considers the foregoing issues and the parties' briefs.

---

[2] Throughout the documents filed, Debtor asserts an exemption of $95,741.50. Therefore, it appears that the amount set forth in the first stipulated issue is a typographical error. In the second stipulated issue, the amount appears to be consistent with the amount Debtor has asserted as his exemption in other filings with the Court. This amount is apparently calculated by adding the Debtor's claimed half-interest in the Properties ($77,500 in the Residence and $28,000 in the Commercial Property = $105,500), then subtracting from that total half of the mortgage on the Commercial Property ($19,517 divided by 2 is $9,758.50), which results in a total of $95,741.50.

As stated above, Debtor elected to take his exemptions pursuant to 11 U.S.C. §522(b)(3). Particularly, at issue here are Debtor's exemptions taken pursuant to §522(b)(3)(B), allowing a debtor to exempt from property of the estate "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety . . . to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law[.]" Having claimed his interest in the Properties as exempt based upon ownership with his spouse as tenants by the entirety, Debtor's Motion now seeks to benefit from §522(f), enabling a debtor to avoid the fixing of certain judicial liens on a debtor's interest in property to the extent that said liens impair the debtor's exemptions. Accordingly, Debtor seeks a determination by this Court that the judicial liens of FNB and PNC impair Debtor's exemptions in the Properties and accordingly said liens should be avoided.

FNB, however, contends that Debtor has misconstrued his ability to avoid FNB's judicial lien based upon the exemptions available to the Debtor under Pennsylvania law in relation to the Bankruptcy Code. According to FNB, Debtor confuses the concepts of exemption from process and immunity from process. Citing to an opinion of this Court, *Williamson v. Denson* (*In re Williamson*), 11 B.R. 791 (Bankr.W.D.Pa.1981), FNB contends that property owned as tenants by the entirety is only immune from process but not exempt. In *Williamson*, after identifying and distinguishing Pennsylvania's statutory exemptions from immunity from process for entireties property, this Court declined to create an in rem exemption under the Bankruptcy Code based upon the immunity from process for entireties property under Pennsylvania law. *Id.* at 796-97. The Court held that "one spouse in bankruptcy, holding property as a tenant by the entirety, cannot avoid a lien because the lien does not impair the immunity from process." *Id.* at 797. FNB

4

cites only to *Williamson* in support of its position and fails to acknowledge and attempt to distinguish case law to the contrary.

Notably, the Third Circuit subsequently clarified that exempt from process also means immune from process. *See Napotnik v. Equibank and Parkvale Savings Association*, 679 F.2d 316, 319 (3d Cir. 1982). Accordingly, based upon *Napotnik*, courts have held that debtors are permitted to exempt their interest in property owned as tenants by the entirety such that the property cannot be reached by creditors of only one spouse. *See e.g., In re Holler*, 463 B.R. 733, 739 (Bankr.E.D.Pa.2011), *aff'd*, No. 12-383, 2012 WL 3526466 (E.D.Pa. Aug.14, 2012). Furthermore, this Court has held that a lien against one tenant in entireties property is at least an inchoate lien and may be avoided under §522(f) as impairing a debtor's exemption. *See In re Wansor*, 346 B.R. 147, 151 (Bankr.W.D.Pa.2006). *See also In re Allan*, 431 B.R. 580 (Bankr.M.D.Pa. 2010). Therefore, this Court rejects FNB's argument that its lien cannot be avoided.

Next, this Court addresses to what extent FNB's lien can be avoided. As set forth above, §522(f)(1)(A) provides, in pertinent part, that certain judicial liens may be avoided "to the extent that such lien impairs an exemption . . . ." In order to make a determination of the extent of impairment, the Bankruptcy Code provides the following formula:

> [A] lien shall be considered to impair an exemption to the extent that the sum of--
>    (i) the lien;
>    (ii) all other liens on the property; and
>    (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. §522(f)(2)(A).

Attached as Exhibit A to Debtor's Motion is Debtor's calculation applying the above-formula. The Debtor provides the following amounts in his calculation:

 (i)  $149,247.94 + $62,270.95 = $211,518.89 (FNB's lien + PNC's lien)
 (ii)  $9,758.50 (1/2 of PNC mortgage on commercial property)
 (iii)  $95,741.50 (amount Debtor would claim as exempt if there were no liens)[3]
 (iv)  Sum of the above: $317,018.89
 (v)  Debtor's one-half interest if there had been no liens: $95,741.50

*See* Exhibit A to Motion, Doc. No. 21.[4] Thus, according to Debtor's calculation, the judicial liens of FNB and PNC impair the Debtor's exemption by $221,277.39, which is an amount that exceeds the total of both liens. In Debtor's brief, a slightly different calculation is provided focusing solely on the lien of FNB, the only responding party. The same result is achieved in Debtor's revised calculation, i.e., FNB's judicial lien in its entirety impairs the Debtor's exemption. *See* Debtor's Brief, Doc. No. 31, at 7.

Although properly citing to §522(f)(2)(A), FNB does not provide an alternative calculation for the Court to consider or point out any particular errors in the Debtor's calculation.

---

[3]  As explained in note 2 *supra*, this amount is the Debtor's claimed half-interest in the Properties less one-half of the mortgage on the Commercial Property. Thus, it does not reflect "the amount of the exemption that the debtor could claim if there were *no liens* on the property." *See* 11 U.S.C. §522(f)(2)(A)(iii)(emphasis added). However, because the Debtor compares the sum of (i) through (iii) with the amount provided in (v), which is his one-half interest in the Properties, also less one-half of the mortgage on the Commercial Property, the result of the calculation does not change.

[4]  The Court notes that Debtor's Schedule A describes Debtor's interest in the Properties as a one-half interest in said Properties owned as tenants by the entirety. Consistent with Schedule A, on Schedule C, Debtor exempts the entire amount of his stated one-half interest in the Properties. Although FNB has not raised the issue, it is noteworthy that courts have taken different positions on whether a debtor's interest in property owned in this manner should be listed as a one-hundred percent ownership interest or divided in half, as was done by this Debtor. *Compare In re Janitor*, No. 10-22594, 2011 WL 7109363 (Bankr.W.D.Pa. Jan. 4, 2011), *with In re Coley*, 437 B.R. 779 (Bankr.E.D.Pa.2010). In this case, however, with respect to the calculation under §522(f), whether Debtor's interest is properly characterized as fifty percent or one-hundred percent is a distinction without a difference. Even if Debtor amended his Schedules to increase his ownership interest to one-hundred percent of the value of the Properties, Debtor could nonetheless correspondingly exempt under Pennsylvania law his interest in the Properties except as to any joint debt with his non-debtor spouse, resulting in the following calculation: $211,518.89 + $19,517 + $211,000 = $442,035.89, which exceeds $211,000 by $231,035.89, an amount exceeding the liens of FNB and PNC.

Rather, FNB contends that, if Debtor is permitted to exempt his one-half portion of the Properties owned as tenants by the entirety, FNB's judgment cannot be avoided in its entirety but rather may only be reduced by the amount of $95,741.50 to afford the Debtor the amount of entitled exemptions. In so stating, FNB cites to no authority in support of its argument.

This Court does not accept FNB's proposed result. The formula provided by the Bankruptcy Code must be applied. In this case, the formula reveals that the liens of both PNC and FNB may be avoided as they impair the Debtor's exemptions in the Properties.

## CONCLUSION

For the foregoing reasons, the Debtor's Motion is granted, and the liens of FNB and PNC are avoided in their entirety with respect to the Properties. An appropriate Order will be entered consistent with this Memorandum Opinion.

DATE: January 21, 2014

__/s/ Carlota M. Böhm_____
Carlota M. Böhm
United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
Office of the United States Trustee
Lisa M. Swope, Esq.
Charles O. Zebley, Jr., Esq.
David W. Raphael, Esq.